WATERS AND WATER RIGHTS Under Article XXIII, Section 10 of the Oklahoma Constitution, a member of the Board of Directors of the Grand River Dam Authority, whose term expired on January 1, 1978, and who has not been reappointed or confirmed by the Oklahoma State Senate would hold that office and continue to perform the duties thereof until a successor had been appointed and duly qualified. If a successor is appointed during a recess of the State Senate, the incumbent member would at that time cease to be a voting member of the Board. If, however, a successor is appointed during a session of the State Senate, the incumbent member of the Board would not cease to be a voting member of the Board until such time as such appointee is confirmed by the State Senate. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Would a director of the Grand River Dam Authority, whose term of office expired on January 1, 1978, and who has not been re-appointed or confirmed by the Oklahoma State Senate, still be able to serve on the Board of Directors of the Grand River Dam Authority? 2. At what point in time would such member cease to be a voting member of the Board? Under 82 O.S. 863 [82-863] (1971), the members of the Board of Directors of the Grand River Dam Authority are appointed by the Governor, by and with the advice of the State Senate. Article XXIII, Section 10 of the Oklahoma Constitution provides for an incumbent officer to hold over in office until his successor has been duly qualified. The pertinent portion of that section reads as follows: ". . . nor shall the term of any public official be extended beyond the period for which he was elected or appointed: Provided, that all officers within this State shall continue to perform the duties of their offices until their successor shall be duly qualified." In the case of Coyle v. Smith,28 Okl. 121, 113 P. 944 (1911), the Oklahoma Supreme Court construed Article XXIII, Section 10. At page 947 of the opinion, the Court stated as follows: "The proviso that all officers within this State shall continue to perform the duties of their office until their successors shall be duly qualified does not enlarge on what goes before in said section, but is intended to cover exigencies arising from a failure in the election or appointment, or after an election or appointment being had or made, the officer fails to qualify, in which event the incumbent of such office should hold until such qualification was made, showing, the abhorrence of the framers of the Constitution from bringing about an interregnum." Under Article XXIII, Section 10 of the Oklahoma Constitution, an incumbent would continue to perform the duties of the office after the expiration of his or her term until his or her successor is duly qualified. In the case of a member of a Board of Directors of the Grand River Dam Authority, appointment by the Governor is subject to confirmation by the Senate. In the present instance, the expiration of the Board member's term of office on January 1, 1978, occurred during a time when the Senate was not in session. Shortly thereafter, however, the Senate convened in session. It is generally held that the appointment and confirmation of an officer need not be concurrent in point of time and an appointment may be made during a recess of a confirming body and confirmed at its next session, 67 C.J.S. Officers, Section 32. Thus, it would follow that an incumbent member of the Board of Directors of the Grand River Dam Authority whose term expired on January 1, 1978, would continue to perform the duties of that office until such time as his successor is appointed during a recess of the State Senate, or if his successor is appointed during a session of the State Senate, until such time as that successor is confirmed by the State Senate. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Under Article XXIII, Section 10 of the Oklahoma Constitution, a member of the Board of Directors of the Grand River Dam Authority, whose term expired on January 1, 1978, and who has not been re-appointed or confirmed by the Oklahoma State Senate would hold that office and continue to perform the duties thereof until a successor had been appointed and duly qualified. If a successor is appointed during a recess of the State Senate, the incumbent member would at that time cease to be a voting member of the Board. If, however, a successor is appointed during a session of the State Senate, the incumbent member of the Board would not cease to be a voting member of the Board until such time as such appointee is confirmed by the State Senate. (GERALD E. WEIS) (ksg) ** SEE: OPINION NO. 79-243 (WITHDRAWS THIS OPINION) **